UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LELAND J. BRYANT,<br><br>　　　　　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:18-cv-00117-LRH-VPC<br><br>ORDER |

Petitioner Leland J. Bryant has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has now paid the filing fee (*see* ECF Nos. 1-1, 4). It appears from the petition that it may be subject to dismissal as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

In his federal petition, Bryant states that the judgment of conviction he seeks to challenge–Case No. C219489–was entered on May 29, 2007, and that he did not file a direct appeal (ECF No. 1-1, pp. 1-2). The petition further reflects that Bryant filed a state postconviction petition on March 30, 2016, and the Nevada Supreme Court affirmed the denial of that petition as procedurally barred because it was untimely on

July 12, 2017. *Id.* at 1, 19-22. Thus, it appears that the AEDPA statute of limitations expired more than ten years before Bryant submitted this federal petition for filing.

Bryant may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, or the Nevada Court of Appeals, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED this 28th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2